Mary BROWN, Plaintiff—Appellant,

v.

NEW YORK LIFE INSURANCE COMPANY, Defendant—Appellee.

No. 04–15038.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 16, 2005.

Decided Aug. 10, 2005.

Curtis G. Oler, Esq., Law Offices of Curtis G. Oler, San Francisco, CA, for Plaintiff–Appellant.

Jonathan D. Martin, Esq., Kari Erickson Levine, Esq., Seyfarth Shaw, San Francisco, CA, for Defendant–Appellee.

Before: SCHROEDER, Chief Judge, CANBY and HAWKINS, Circuit Judges.

MEMORANDUM *

Mary Brown brought this action against her employer, New York Life Insurance Company ("New York Life"), and one of its officers, Robert Ziegler. Brown asserted a variety of claims related to her employment. The district court dismissed Ziegler for lack of personal jurisdiction and entered summary judgment in favor of New York Life on all claims. We affirm.

## I. Summary Judgment [1]

Summary judgment is appropriate when "there is no genuine issue as to any material fact." FED. R. CIV. P. 56(c). Summary

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We review de novo the district court's grant of summary judgment. *Buono v. Norton,* 371 F.3d 543, 545 (9th Cir.2004).

judgment was required here because Brown's claims are supported solely by bare allegations. *See Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1049 (9th Cir.1995). Evidence that is "merely colorable" or "not significantly probative" does not create a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The district court explained very well in its order why summary judgment against Brown was required on every one of her claims, and consequently we need address the issues only briefly.

### A. Fair Employment and Housing Act ("FEHA") Claims

The district court properly dismissed Brown's FEHA claims because Brown suffered no "adverse employment action," which is a required element of an FEHA employment discrimination claim. *See Guz v. Bechtel Nat'l, Inc.*, 24 Cal.4th 317, 355, 100 Cal.Rptr.2d 352, 8 P.3d 1089 (2000). Although California law does not require an "ultimate" employment decision, such as firing or demotion, an actionable claim must involve "a substantial adverse change in the terms and conditions of the plaintiff's employment. A change that is merely contrary to the employee's interests or not to the employee's liking is insufficient." *Akers v. County of San Diego*, 95 Cal.App.4th 1441, 1455, 116 Cal.Rptr.2d 602 (2002). Brown offers no evidence of an adverse employment action that rises above this substantiality threshold. A negative performance review is not sufficient. *McCrae v. Dep't of Corrections*, 127 Cal.App.4th 779, 792, 25 Cal.Rptr.3d 911 (2005). Accordingly, we affirm the district court's dismissal of Brown's FEHA claims for discrimination on the basis of sex, age, and national origin, as well as her claim for retaliation.

### B. Fraud and Deceit

■ Brown's claim that New York Life lured her to California through false representations about the job is time-barred. *See* Cal.Civ.Proc.Code § 338(d) (three year limitation period for fraud claims). The remaining allegation—that New York Life falsely represented in the Employee Handbook that employees would be "fairly considered and evaluated," compensated for overtime, and "fairly considered for promotion"—is not actionable because Brown offered no evidence that these representations were false or that New York Life knew they were false but nonetheless placed them in the Employee Handbook for the purpose of defrauding Brown. *See Lazar v. Superior Court*, 12 Cal.4th 631, 638, 49 Cal.Rptr.2d 377, 909 P.2d 981 (1996) (setting forth required elements of deceit claim).

### C. Overtime

■ The district court properly dismissed Brown's causes of action for overtime pay under both federal and state law because she is exempt from overtime requirements pursuant to the administrative exemption. *See* 29 C.F.R. §§ 541.200, 541.203 (stating that "[i]nsurance claims adjusters generally meet the duties requirements for the administrative exemption" even when not acting in supervisory capacity); Cal. Indus. Welfare Comm'n Wage Order 4–2001, § 1(A)(2). Brown is a salaried consultant who supervises several employees and does not have a case load of her own. *Id.* at § 1(A)(2)(a), (d). She is not docked for missing hours of work, and she has the discretion to approve insurance claims of up to $750,000. *Id.* at § 1(A)(2)(b). She falls within the exemption.

### D. Implied Covenant of Good Faith and Fair Dealing

■ Brown cannot assert a claim for breach of the implied covenant of good

faith and fair dealing because she is an at-will employee without an employment contract. *See Horn,* 72 Cal.App.4th at 819, 85 Cal.Rptr.2d 459 ("Where there is no underlying contract there can be no duty of good faith arising from the implied covenant.").

### E. Intentional Infliction of Emotional Distress

No reasonable jury could find that New York Life intentionally inflicted emotional distress upon Brown. *See Agarwal v. Johnson,* 25 Cal.3d 932, 946, 160 Cal.Rptr. 141, 603 P.2d 58 (1979) (discussing requirements for prima facie case), *overruled on other grounds by White v. Ultramar, Inc.,* 21 Cal.4th 563, 574 n. 4, 88 Cal.Rptr.2d 19, 981 P.2d 944 (1999). Brown offers no evidence that New York Life acted with "intention to cause or reckless disregard of the probability of causing emotional distress." *Id.* (quotation omitted). Nor does Brown cite any evidence of extreme and outrageous conduct. *See id.*

### II. Order Dismissing Ziegler

Finally, Brown appeals the district court's order denying her motion to set aside the dismissal of Defendant Robert Ziegler from this action. Our disposition of the claims above renders this issue moot. Brown alleged nothing more against Ziegler than she did against New York Life. The presence of an additional defendant would not affect the outcome of this case.

**AFFIRMED.**